In several cases, at the last term, decrees nisi were entered up against the defendants for want of an appearance and answer: copies of which decrees were returned served by deputy sheriffs, (without affidavit of the service,) and were made the ground of a •motion for final decrees. The only question was, as to the sufficiency of the notice.
PER CURIAM.
In all cases where a sheriff is bound to act in his official capacity, his return should be considered as evidence of the act unless the contrary be shewn ; but when •he is called on to do that which any other person may do, and which he is not by virtue of his office bound to do, although he may do it, he does it as any other individual — not as an officer : and therefore his return should not be regarded as any better evidence that the act has been performed by him, than a like return should be, if made by a private individual. In this case, if the copy of the decree had been served by a private individual, he would have to prove it, by his affidavit; and so must the sheriff, — because he acted in this case as an individual, and not as sheriff : he could not be punished for a false return of that which was not directed to him, and which he was of course not bound to receive; and, if he did receive it, he found in it no particular directions to him more than to any one else. Whether, therefore, he or any other individual should return it, it must be accompanied by an affidavit.
Motion for a final decree, at present, denied ; and the bar requested to take notice that the practice, upon this point, is now settled. _ _